**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRITNEY WOOLINGTON,**

    **Plaintiff,**

-vs-                Case No. 6:11-cv-1107-Orl-31GJK

**1ST ORLANDO REAL ESTATE SERVICES, INC.; EVERETT "RICK" SLETTEN, JR.; and KELLY NEASE,**

    **Defendants.**

## ORDER

This cause comes before the Court without oral argument on a Motion to Dismiss Claim for Punitive Damages (Doc. 5) filed by Defendants 1st Orlando Real Estate Services, Inc. ("1st Orlando") and Everett Sletten, Jr. ("Sletten"); and Plaintiff Britney Woolington's Response in Opposition. (Doc. 19).

**I. Overview**

Plaintiff filed this action on July 6, 2011 alleging discrimination in the rental of housing in violation of 42 U.S.C. § 3601, *et seq*. [hereinafter "Federal Fair Housing Act"], and Fla. Stat. § 760.20, *et seq*. [hereinafter "Florida Fair Housing Act"]. (Doc. 1). Defendants 1st Orlando and Sletten now move to dismiss Plaintiff's claim for punitive damages on the basis of Rule 12(b)(6) of the Federal Rules of Civil Procedure and section 768.72 of the Florida Statutes. (Doc. 5, ¶¶ 5-6).

For the reasons discussed, *infra*, Defendants' Motion to Dismiss Claim for Punitive Damages will be denied.

## II. Background

The following facts are alleged in the Complaint (Doc. 1) and are taken as true for the purposes of ruling on the Motion to Dismiss. Plaintiff is a single mother with a three-year-old daughter. (Doc. 1, ¶¶ 9, 16). In January of 2011, Plaintiff filled out an application and came to an oral agreement to rent a home located in Winter Springs, Florida, owned by Defendant Kelly Nease and managed by Defendant 1st Orlando Real Estate and its employee, Defendant Everett Sletten. (Doc. 1, ¶¶ 10-14). At some point during the application process, Plaintiff informed Mr. Sletten that she had a three-year-old daughter. (Doc. 1, ¶ 16). Mr. Sletten indicated that the property owner did not wish to rent to anyone with minor children and made a note on the application which said that Plaintiff, "kept the unit clean, she was never late with her rent, and she has a three-year-old daughter." (Doc. 1, ¶¶ 15-16). Plaintiff had a good credit and rental history, and was ready, willing, and able to rent the property subject to the rental requirements. (Doc. 1, ¶ 12). Several days later, a single female ("Mary S.") without children, but otherwise less qualified than Plaintiff, applied to rent the same house. (Doc. 1, ¶ 17). After reviewing both applications, Defendants entered into an agreement to rent the house to Mary S. (Doc. 1, ¶ 20). Plaintiff claims that she was an otherwise qualified applicant, but was denied housing based on her family status. (Doc. 1, ¶¶ 21-27, 34).

## II. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Discussion**

    **A. State Law Pleading Requirements for Punitive Damages Claims**

Defendants argue that Plaintiff's claim for punitive damages under the Florida Fair Housing Act must be dismissed because Section 768.72 of the Florida Statutes require a plaintiff to obtain leave from the court before including a prayer for punitive damages. However, the Eleventh Circuit has held that the pleading rules set forth in Fed. R. Civ. P. 8(a)(3) preempt § 768.72's pleading requirements. *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1298-99 (11th Cir. 1999), *vacated on other grounds,* 204 F.3d 1069, 1072 (11th Cir. 2000); *see also Pantages v. Cardinal Health 200, Inc.*, 2009 WL 1011048, at *2 (M.D. Fla. Apr. 15, 2009); *O'Keefe v. Darnell*, 192 F. Supp. 2d 1351, 1360-61 (M.D. Fla. 2002). As a result, section 768.72 of the Florida Statutes is inapplicable in this case.

### B. Federal Law Pleading Requirements for Punitive Damages Claims

To survive a motion to dismiss a punitive damages claim, a plaintiff must allege that the defendant acted willfully and wantonly, even though the Federal Fair Housing Act does not explicitly require such a showing. 42 U.S.C. § 3613(c)(1); *Bunn v. Central Realty of Louisiana*, 592 F.2d 891, 892-93 (5th Cir. 1979); *Fountila v. Carter*, 571 F.2d 487, 492 (9th Cir. 1978); *Steele v. Title Realty Co.*, 478 F.2d 380, 384 (10th Cir. 1973). In the instant case, Plaintiff does allege that Defendants acted with willful disregard of Plaintiff's rights, (Doc. 1 ¶ 35), and further alleges in support that, (1) Defendants knew that Plaintiff was a single mother with a minor child (Doc. 1, ¶ 15); (2) Defendants rejected Plaintiff's offer in favor of another renter, similarly situated, but without minor children (Doc. 1, ¶¶ 18-20). These allegations are enough "to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

In light of the foregoing, Defendants 1st Orlando Real Estate Services and Everett Sletten, Jr.'s Motion to Dismiss Claim for Punitive Damages (Doc. 5), filed on July 28, 2011 is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 6, 2011.

Copies furnished to:

Counsel of Record
Unrepresented Party

                                                                                    _____
                                                                                    GREGORY A. PRESNELL
                                                                                    UNITED STATES DISTRICT JUDGE