# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRITNEY WOOLINGTON,**

          **Plaintiff,**

**-vs-**                             **Case No.  6:11-cv-1107-Orl-31GJK**

**1ST ORLANDO REAL ESTATE
SERVICES, INC.; EVERETT "RICK"
SLETTEN, JR.; and KELLY NEASE,**

          **Defendants.**

# ORDER

      This cause comes before the Court without oral argument on a Motion to Dismiss (Doc. 15) filed by Defendant Kelly Nease; and Plaintiff Britney Woolington's Response in Opposition. (Doc. 22).

## I. Overview

      Plaintiff filed this action on July 6, 2011 alleging discrimination in the rental of housing in violation of 42 U.S.C. § 3601, *et seq.* [hereinafter "Federal Fair Housing Act"], and FLA. STAT. § 760.20, *et seq.* [hereinafter "Florida Fair Housing Act"]. (Doc. 1). Defendant Nease now moves to dismiss Plaintiff's Complaint on the basis of Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 15, ¶ 7).[1]

      For the reasons discussed, *infra*, Defendant's Motion to Dismiss will be denied.

---

[1] Defendant also appears, within the body of the Motion, to move for a more definite statement, and to strike a portion of the complaint. Both will be discussed in turn below.

## II. Background

The following facts are alleged in the Complaint (Doc. 1) and are taken as true for the purposes of ruling on the Motion to Dismiss. Plaintiff is a single mother with a three-year-old daughter. (Doc. 1, ¶¶ 9, 16). In January of 2011, Plaintiff filled out an application and came to an oral agreement to rent a home located in Winter Springs, Florida, owned by Defendant Kelly Nease and managed by Defendant 1st Orlando Real Estate and its employee, Defendant Everett Sletten. (Doc. 1, ¶¶ 10-14). At some point during the application process, Plaintiff informed Mr. Sletten that she had a three-year-old daughter. (Doc. 1, ¶ 16). Mr. Sletten indicated that Defendant Nease did not wish to rent to anyone with minor children and made a note on the application which said that Plaintiff, "kept the unit clean, she was never late with her rent, and she has a three-year-old daughter." (Doc. 1, ¶¶ 15-16). Thereafter, Mr. Sletten communicated Plaintiff's family status to Defendant Nease. (Doc. 1, ¶¶ 19, 25). Plaintiff had a good credit and rental history, and was ready, willing, and able to rent the property subject to the rental requirements. (Doc. 1, ¶ 12). Several days later, a single female ("Mary S.") without children, but otherwise less qualified than Plaintiff, applied to rent the same house. (Doc. 1, ¶ 17). After reviewing both applications, Defendants entered into an agreement to rent the house to Mary S. (Doc. 1, ¶ 20). Plaintiff claims that she was an otherwise qualified applicant, but was denied housing based on her family status. (Doc. 1, ¶¶ 21-27, 34).

## III. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto.  FED. R. CIV. P. 10(c);

*see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

## IV. Discussion

The Federal Fair Housing Act provides for a private right of action to any person who is injured by a discriminatory housing practice declared unlawful in Title 42 of the United States Code, sections 3604, 3605, 3606 or 3617. 42 U.S.C. §§ 3602, 3613. Similarly, the Florida Fair Housing Act provides a private right of action for "[a]ny person who claims to have been injured by a discriminatory housing practice." FLA. STAT. § 760.34. Count I, the sole count in the Complaint,

alleges a violation of 42 U.S.C. § 3604 and FLA. STAT. § 760.23. The Eleventh Circuit has noted that both acts are substantially the same, *Telesca v. Village of Kings Creek Condominium Ass'n, Inc.*, 390 Fed. App'x 877, 879 n.1 (11th Cir. 2010), and Florida Courts have construed FLA. STAT. § 760.23 in accordance with the Federal Fair Housing Act. *Dornbach v. Holley*, 854 So.2d 211, 213 (Fla. Dist. Ct. App. 2002). As a result, the Court will treat them as identical for the purposes of the instant Motion to Dismiss.

### A. Failure to State a Claim

To state a claim under § 3604, a plaintiff must allege, (1) that plaintiff is a member of a protected class; (2) the defendants were aware of it; (3) that plaintiff was ready, willing, and able to rent the apartment; (4) that defendants refused to allow them to do so. *Jackson v. Comberg*, 2007 WL 2774178 at *3 (M.D. Fla. 2007); *see also Sec., U.S. Dept. Of Housing and Urban Dev. on behalf of Herron v. Blackwell*, 908 F.2d 864, 870 (11th Cir. 1990). In the instant case, Plaintiff alleged (1) that she is a single mother with a minor child (Doc. 1, ¶ 9); (2) that Defendant Nease knew of this fact (Doc. 1, ¶ 19);[2] (3) that she was qualified, willing, and able to rent the house (Doc. 1, ¶ 12); (4) that she was rejected (Doc. 1, ¶¶ 20-21). These allegations sufficiently state a claim for relief under 42 U.S.C. § 3604 and FLA. STAT. § 760.23. Accordingly, Defendant's Motion to Dismiss is denied.

### B. Motion for More Definite Statement

Defendant Nease also argues that the Complaint fails to give adequate notice of the precise allegations as they apply to her. (Doc. 15, ¶¶ 4, 7). Defendant may move for a more definite statement

---

[2] Plaintiff also alleges that Defendants 1st Orlando Real Estate Services, Inc. and Everett Sletten were acting within the scope of an agency relationship with Nease at all relevant times, (Doc. 1, ¶ 4), and that Defendant Sletten knew of Plaintiff's family status. (Doc. 1, ¶ 15).

-4-

pursuant to Rule 12(e) of the Federal Rules of Civil Procedure if the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). The motion must "point out the defects complained of and the details desired." *Id*. Defendant points out two pertinent defects: (1) most allegations in the complaint relate to all defendants generally, not to Defendant Nease specifically (Doc. 15, ¶ 3); (2) multiple claims for relief are set out in a single count. (Doc. 15, ¶ 5). As to the first defect, nothing in the Federal Rules of Civil Procedure require the allegations in the complaint to be specifically directed at each individual defendant, especially where, as here, Defendants were in an agent/principle relationship. As to the second defect, Rule 10(b) of the Federal Rules of Civil Procedure requires claims to be set out in separate counts only where the claims are founded on a "separate transaction or occurrence" and it would promote clarity. FED. R. CIV. P. 10(b). Count I, the only count in the Complaint, is based on the same transaction between the Plaintiff, Defendant, and Defendant's agents. To the extend that Defendant moves for a more definite statement, that motion is denied.

### C. Motion to Strike

 Defendant also appears to move to strike paragraph thirty-three of the Complaint on the basis that it is "wholly irrelevant to the requirement of state a claim for relief" [sic]. (Doc. 15, ¶ 6). Rule 12(f) states that a court "may strike from a pleading . . . any redundant, immaterial, or scandalous matter." FED. R. CIV. P. 12(f). A motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice" and should only be granted where "the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Public Instruction of Escambia Cnty. Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. V. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Courts have generally been unwilling to grant such motions unless

there is a showing of prejudicial harm. *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1360-61 (S.D. Fla. 2009). Defendant makes no such showing here. To the extend that Defendant moves to strike a portion of the Complaint, that motion is denied.

In light of the foregoing, Defendant Nease's Motion to Dismiss (Doc. 15) filed on August 8, 2011 is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 7, 2011.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
**UNITED STATES DISTRICT JUDGE**